ROTHLEIN v. STAJER.

(Supreme Court, Appellate Term.   June 23, 1904.)

1. NEGLIGENCE—DANGEROUS PREMISES—TENEMENT HOUSES—CELLAR WAYS—BARRIERS.

Tenement House Act (Laws 1901, p. 889, c. 334) § 36, providing that in every tenement house all stairways shall be provided with proper banisters and railings, which shall be kept in good repair, does not require that barriers or guards should be erected across the entrance to tenement house cellar ways.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by William Rothlein, an infant, against Mary Stajer. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Fred. Cyrus Leubuscher, for appellant.
Herman L. Roth, for respondent.

MacLEAN, J. An infant, not four years of age, while playing in. the street unaccompanied by any ·person, was struck by another child in the face, and on being so. struck placed his hands over his eyes, retreating towards the house, and there fell backward down an open cellarway. This action is based upon the alleged negligence of the defendant in not providing proper banisters and railings on the cellar stairway, as required by section 36 of the tenement house act (Laws 1901, p. 889, c. 334). There was evidence to show that the doors were so constructed as to guard, when open, the sides of the cellarway, and that the absence of banister and railing therefrom in' no wise con- · tributed to the accident; and it may not be that negligence must be predicated upon their absence from and across the entrance to the stairway, for this would read into the act what is not there expressly stated or by reasonable intendment to be included, and be an unjustifiable extension of its provisions. Negligence on the part of the defendant not appearing, the judgment must be affirmed.

Judgment affirmed, with costs to the respondent. All concur.